UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ROBERT A. FARMER, )<br>)<br>Petitioner, )<br>) <br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:04-CV-287/1:02-CR-61<br><br>Judge Curtis L. Collier |

## **M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Robert A. Farmer ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner filed a brief in support of his motion (Court File No. 2) and pursuant to the Court's Order (Court File No. 3), the Government filed a response (Court File No. 5). After the Government responded, Petitioner filed a Motion to Strike Government's Response and/or in the Alternative, to Hold Case in Abeyance (Court File No. 6). The Government has not responded to this motion.

The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his petition. Accordingly, the Court will decide those matters without an evidentiary hearing.

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:02-CR-61, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

*See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's § 2255 motion for the reasons stated herein. Further, the Court will **DENY** Petitioner's motion to strike the Government's response and/or to hold the case in abeyance (Court File No. 6).

I.     <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

Petitioner had solicitations mailed from a processing center in Texas to various individuals. The solicitations offered individuals trust services and various ways of making money for retirement. Alice Sallee and C.D. Sallee responded to the solicitation by mail from Chattanooga, Tennessee. In May 2001 Petitioner followed up with the Sallees and told them he could obtain monetary instruments and securities paying more than eight percent interest. The Sallees paid Petitioner $45,000 to obtain what Petitioner led them to believe were Treasury bonds. Petitioner did not provide the Sallees with the bonds or repay the money. Instead, Petitioner deposited the money in his bank account and then spent a portion of the Sallees' money. On February 27, 2001Petitioner was arrested and charged in an unrelated mail fraud scheme. In the unrelated case, Petitioner was ordered to report to prison on August 6, 2001. However, on August 1, 2001 Petitioner filed a motion to extend his report date. He filed an affidavit accompanying this motion stating he had injured his back and his doctor had ordered bed rest and told him not to drive. In fact, the doctor had not ordered bed rest or told him not to drive. Further, Petitioner filed a forged doctor's note to support his motion to extend his report date. (Crim. Court File No. 15; PSR ¶¶ 8-14).

On Janurary 23, 2003 Petitioner pleaded guilty without benefit of a plea agreement to all five counts of the indictment charging him with two counts of mail fraud in violation of 18 U.S.C. § 1341

2

(Counts I and II), money laundering in violation of 18 U.S.C. § 1957 (Count III), and two counts of making false statements to a government official in violation of 18 U.S.C. § 1001 (Counts IV and V) (*See* Criminal Court File Nos. 1, 30). A Presentence Investigation Report ("PSR") was prepared and revised twice. The final PSR was completed on July 1, 2003. In this version of the PSR, Petitioner's base offense level for violations of 18 U.S.C. § 1341 was six (PSR ¶ 22). For various reasons,[2] Petitioner's offense level was increased fourteen levels so the adjusted offense level for counts one and two was twenty (PSR ¶¶ 23-29). Petitioner's base offense level for violating 18 U.S.C. § 1957 was sixteen. A level was added pursuant to USSG § 2S1.1(b)(2)(A). As for the violations of 18 U.S.C. § 1001, Petitioner's base offense level was six but the base offense level was increased by two levels since Petitioner was out on bond in another case when he committed the fraudulent conduct charged in counts four and five (PSR ¶¶ 37-38, 42). Eventually, the Court found Petitioner's total offense level to be twenty (Crim. Court File No. 31) and Petitioner was sentenced to fifty-one months. A criminal judgment was entered on September 25, 2003 (*Id.*). Petitioner did not appeal his conviction or sentence.

On September 7, 2004 Petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Petition was timely filed within the statutory one-year limitation period. 28 U.S.C. § 2255(1).[3]

---

[2] For example, the offense level was increased two levels because the mail fraud offenses were committed through mass marketing (PSR ¶ 24).

[3] 28 U.S.C. § 2255, provides, in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental

3

## II.  STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  This Court has jurisdiction under 28 U.S.C. § 1331.  Petitioner has the burden of establishing any claim asserted in the petition.  *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d

---

action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### III.  DISCUSSION

Petitioner asserts three grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner contends as follows: (1) Petitioner's sentence violated his Sixth Amendment rights because the Court increased his sentence based upon facts determined by the Court by a preponderance of the evidence; (2) The United States Sentencing Guidelines are unconstitutional; and (3) Petitioner was denied effective assistance of counsel when his attorney failed to raise an *Apprendi* objection to sentencing enhancements (*See* Court File Nos. 1, 2). With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not appeal his conviction or sentence and only his third claim contains any reference to alleged ineffective performance on the part of his attorney. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate "cause" on his first two claims or "actual innocence"

Nevertheless, the Court will proceed to address the merits of all of Petitioner's claims

5

because Petitioner would not be entitled to relief on his first two claims even if they had not been procedurally defaulted.

    **A.    Blakely Claim**

Petitioner argues his sentence should be set aside, vacated, or amended because his sentence was enhanced by facts determined by the Court by a preponderance of the evidence. Petitioner relies on *Blakely v. Washington*, 524 U.S. 296 (2004) to support his claim.

*Blakely* was decided on June 24, 2004, and on January 12, 2005 the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), which now governs Petitioner's *Blakely* claim. *See Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005) (stating a § 2255 petitioner's *Blakely* claim was now governed by *Booker*). In *Booker*, the Supreme Court applied the *Blakely* reasoning to the Federal Sentencing Guidelines and held "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756.

However, neither *Blakely* nor *Booker* announced it was retroactively applicable. The Supreme Court's decision in *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004),[4] suggests it is unlikely *Blakely* will be given retroactive effect in the future. Further, several lower courts that have addressed this issue have determined neither *Blakely* nor *Booker* are applicable to cases that were final prior to the Supreme Court's decision in those cases. *See Humphress v. United States*, 398

---

[4] The Supreme Court determined their previous decision in *Ring v. Arizona*, 536 U.S. 584 (2002) where they held a sentencing judge sitting without a jury may not find an aggravating circumstance necessary for the imposition of the death penalty because those circumstances must be found by a jury, was a procedural rule and consequently, did not apply retroactively to death penalty cases already final on direct review.

6

F.3d 855, 860 (6th Cir. 2005) (concluding *Booker*'s rule does not apply retroactively in collateral proceedings); *In re Anderson* 396 F.3d 1336, 1340 (11th Cir. 2005) (stating "[i]t follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, [petitioner] cannot show that the Supreme Court has made [*Booker*] retroactive to cases already final on direct review."); *Hamlin v. United States,* 2005 WL 102959 (D. Me. Jan. 19, 2005) (interpreting *Booker* to apply only to cases on direct review); *Stevens v. United States*, 2005 WL 102958 (D.Me. Jan. 18, 2005) (concluding *Booker* should not be applied retroactively to cases where the claim was not raised on direct review); *United States v. Harp*, 2004 WL 1636251 (N.D. Iowa July 22, 2004) (collateral relief requested in light of *Blakely* denied); *United States v. Traeger*, 325 F.Supp.2d 860 (N.D. Ill., 2004) (concluding *Blakely* decision did not apply retroactively).

Petitioner's judgment became final in October 2003 well before *Blakely* and *Booker* were decided. Therefore, Petitioner is not entitled to any relief under *Blakely* or *Booker*. Accordingly, the Court will **DENY** Petitioner's claim based on *Blakely*.

**B.    Sentencing Guidelines**

Petitioner also argues his sentence should be set aside, amended, or corrected because the Federal Sentencing Guidelines are unconstitutional. As a basis for his argument, Petitioner states "those sentencing guidelines that are not used for purposes of enhancement are not severable from those that unconstitutionally enhance a defendant by not being authorized either by a jury verdict or plea agreement" (Court File No. 1). Again, Petitioner is trying to raise a *Blakely* issue.[5] However, as already discussed above in **§ III A**, Plaintiff is not entitled to relief under *Blakely* or *Booker*. The Federal Sentencing Guidelines were constitutional when Petitioner's judgment became

---

[5] *Booker* had not been decided when Petitioner filed his brief in support of his § 2255 motion.

7

final. Accordingly, the Court will **DENY** Petitioner's claim based on the unconstitutionality of the Federal Sentencing Guidelines.

### C. Ineffective Assistance of Counsel

Petitioner contends he received ineffective assistance of counsel because his attorney failed to object to the sentencing enhancements as unconstitutional. At the time of Petitioner's sentencing in 2003, the Supreme Court had decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Subsequent to Petitioner's sentencing, the Supreme Court rendered its decision in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). Petitioner asserts that his trial counsel was ineffective for not attacking the constitutionality of the Federal Sentencing Guidelines "regardless of whether or not such objection would be forshadowed [sic] by the existing law at the time of the objection" (Court File No. 1).

The criteria for analyzing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a defendant to demonstrate two essential elements: (1) counsel's performance was deficient (*i.e.,* counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment) and (2) counsel's deficient performance prejudiced the defense (*i.e.,* deprived the defendant of a fair trial rendering the outcome of the trial unreliable). *Id.* at 687-88; *see also McQueen v. Scroggy,* 99 F.3d 1302, 1310-11 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997); *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir. 1992); *Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987). To establish his attorney was not performing within the range of competence demanded of attorneys in criminal cases, a defendant must demonstrate the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *McMann v. Richardson*, 397 U.S. 759,

771 (1970). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996). There is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims*, 970 F.2d at 1579-80.

In order to demonstrate ineffective assistance of counsel, Petitioner must show not only his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

This Court recently held an attorney's failure to anticipate *Blakely* and *Booker* after *Apprendi v. New Jersey*, 530 U.S. 466 (2000) had been decided was not objectively unreasonable under *Strickland*. *United States v. Call*, 2005 WL 1840258, at * 4-7 (E.D. Tenn. Aug. 2, 2005); *accord United States v. Burgess*, 2005 WL 1515327 (6th Cir. June 22, 2005); *United States v. Carew*, 2005 WL 1526136 (10th Cir. June 29, 2005); *Thomas v. United States*, 2005 WL 1252262, *3 n.3 (E.D. Va. May 26, 2005); *Lach v. United States*, 2005 WL 1019238 (D. Utah Apr. 28, 2005). The Petitioner has not presented any reason to change the Court's conclusion in *Call*. He is merely repeating the same argument. Therefore, Petitioner's claim for ineffective assistance of counsel must fail.

However, assuming purely for the sake of discussion that counsel was deficient for failing to argue the constitutionality of the sentencing guidelines, Petitioner must show prejudice. In other

9

words, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The *Strickland* test, however, must be adjusted in cases where a defendant has pled guilty instead of being found guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and show a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

Petitioner has failed to prove or even allege the prejudice required to satisfy the second prong of the *Strickland* test as modified by *Hill*. Petitioner does not claim but for the alleged incompetence of his attorney, he would not have pled guilty and would have insisted on going to trial. Therefore, Petitioner has not established a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.

In sum, Counsel's failure to argue the Federal Sentencing Guidelines were unconstitutional did not fall below an objective standard of reasonableness. Further, Petitioner has not shown counsel's representation prejudiced him; thus, he is not entitled to any relief on his claim of ineffective assistance of counsel. Accordingly, Petitioner's claim based on ineffective assistance of counsel will be **DENIED**.

D. **Procedural Motions**

Petitioner has also moved to strike the Government's response to his § 2255 motion for two reasons (Court File No. 6). First, Petitioner argues the Government waived any argument that his counsel was ineffective because it did not discuss his ineffective assistance of counsel claim (*Id.* at pp. 1-2). Petitioner is mistaken because the Government did address, albeit briefly, his ineffective assistance of counsel claim (Court File No. 5, p. 5-6). Regardless, even if the Government ignored the ineffective assistance of counsel claim, the burden is on Petitioner to prove his claim. *Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000). As already discussed, Petitioner has not met his burden. Accordingly, the Court will **DENY** Petitioner's motion to strike the Government's response based on waiver.

Second, Petitioner argues the Government's response should be stricken as untimely filed (Court File No. 6, p. 2). On November 9, 2004 the Court ordered the Government to respond to Petitioner's § 2255 motion by December 24, 2004. On December 23, 2004 the Government filed a response (Court File No. 5). However, the response had to be resubmitted because the response did not have a signature (*Id.*). On January 4, 2005 a response with a signature was filed (*Id.*). Thus, a response, although defective, was timely filed. Therefore, the Court will **DENY** Petitioner's motion to strike the Government's response as untimely filed. The Court does note Federal Rule of Civil Procedure 11(a) provides "[e]very pleading, written motion, and other paper shall be signed.... An unsigned paper shall be stricken *unless* omission of the signature is *corrected promptly* after being called to the attention of the attorney or party." Fed. R. Civ. P. 11(a) (emphasis added). Here, even though a signature was not on the Government's response filed on December 23, 2004, the signature defect was corrected promptly. Thus, Rule 11(a) does not provide a basis to strike the

11

Government's response.

Next, Petitioner asks the Court to hold his case in abeyance until the Supreme Court decides *Booker*. *Booker* has been decided. Therefore, this request will be **DENIED** as **MOOT.**

Lastly, Petitioner asks for further briefing or to amend his petition after *Booker* is decided. Since *Blakely* and *Booker* do not apply retroactively, an amendment or additional briefing would be futile. Accordingly, the Court will **DENY** Petitioner's request to amend or submit additional briefs.

**V.    CONCLUSION**

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Court File No. 1). Further, Petitioner's procedural motions will be **DENIED** (Court File No. 6).

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[6] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may

---

[6]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. §

13

2253(c).

        An Order shall enter.

/s/
**CURTIS L. COLLIER, CHIEF**
**UNITED STATES DISTRICT JUDGE**